NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO BERNAL-GARCIA, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-71856 Agency No. A205-647-803 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020[**]
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

Francisco Bernal-Garcia, a native and citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from

an Immigration Judge's ("IJ") order denying his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition. We review the denial of asylum, withholding of removal, and CAT claims for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1. Substantial evidence supports the BIA's determination that Bernal-Garcia failed to meet his burden of establishing past persecution based on harm he allegedly suffered by his father. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Bernal-Garcia's testimony that his father used to hit him as a young child, especially when he does not personally remember the alleged abuse, and that he once witnessed his father hit his mother, does not compel a finding that Bernal-Garcia experienced harm rising to the level of persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc) ("We must uphold the BIA's determination unless 'the evidence not only supports, but *compels* the conclusion that the asylum decision was incorrect.'" (quoting *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir. 2000))); *Kohli v. Gonzales*, 473 F.3d 1061, 1070 (9th Cir. 2007) (noting that persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive" (quoting *Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir. 2004))).

2. Substantial evidence also supports the BIA's determination that, even assuming that Bernal-Garcia alleged membership in cognizable social groups, Bernal-Garcia failed to meet his burden to establish a reasonable fear of future

persecution based on his family membership and on his membership in the proposed social group Bernal-Garcia describes as "young, Mexican males in a conscriptive relationship that they are unable to leave." This second social group is based on Bernal-Garcia's fear of recruitment by drug cartels.

As to Bernal-Garcia's proposed social group based on family membership, Bernal-Garcia testified that he feared retribution by people in Mexico who had been harmed by Bernal-Garcia's father. However, Petitioner also testified that his paternal grandparents and uncles continue to live in Mexico unharmed, undermining his fear of future harm on this basis. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008) ("Where the claimed group membership is the family, a family member's continuing safety is an even more persuasive factor in considering a petitioner's well-founded fear."), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

As to Bernal-Garcia's other proposed social group, Bernal-Garcia testified that no one in Mexico, other than his father, treated him poorly, and he specifically denied personally having any contact with Mexican gangs or cartels. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) ("Asylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground."). Bernal-Garcia argues that this proposed social group is similar to that in *Matter of A-R-C-G-*, 26 I & N Dec. 388, 388 (BIA 2014) (holding that

"married women in Guatemala who are unable to leave their relationship" constituted a cognizable particular social group). That argument is unpersuasive, as Bernal-Garcia's proposed social group is based on his fear of generalized violence by drug cartels, which this Court has held bears no nexus to a protected ground.[1] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

The applications for asylum and withholding of removal were therefore correctly denied. *See Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (noting that the standard for withholding of removal is "more stringent" than the standard for asylum).

3. Finally, the agency did not err when it determined that Bernal-Garcia did not establish that he will more likely than not be tortured upon returning to Mexico. Without more than generalized claims of violence, Bernal-Garcia cannot meet his burden. *See Delgado-Ortiz*, 600 F.3d at 1152 ("[G]eneralized evidence of violence and crime in Mexico . . . is insufficient to meet [the CAT] standard."). Therefore, the agency's decision that Bernal-Garcia failed to show that he is entitled to CAT protection is also supported by substantial evidence.

---

[1] *Matter of A-R-C-G-* was overruled by *Matter of A-B-*, 27 I & N Dec. 316 (AG 2018) shortly after the BIA's decision in this case.

**PETITION DENIED.**